BRAMBLE *v.* KEMPER.

5-1068                                          297 S. W. 2d 104

Opinion delivered January 7, 1957.

*Williamson & Williamson,* for appellant.

(No brief for appellee).

SAM ROBINSON, Associate Justice. This is a suit to annul a void marriage. The issue is whether the Chancery Court of Hot Spring County has jurisdiction. The appellant, Lia Bramble, at a time when she was married

to O. G. Bramble, undertook to marry appellee, C. H. Kemper. She had previously filed suit asking for a divorce from Bramble, but the divorce had not been granted. A marriage license was issued to Mrs. Bramble and Mr. Kemper by the County Clerk of Independence County, and the parties went through a marriage ceremony in Hot Spring County. Later, Mrs. Bramble, now a resident of Louisiana, learned that her purported marriage to Kemper was void because the marriage ceremony with him took place before the divorce from Bramble was granted. To keep the record straight, she filed this suit in Hot Spring County to have the marriage to Kemper annulled. The Hot Spring Chancery Court held there was want of jurisdiction and dismissed the petition for annulment; Mrs. Bramble has appealed.

In the case of *Feigenbaum* v. *Feigenbaum,* 210 Ark. 186, 194 S. W. 2d 1012, this court held that the Chancery Court of the county where a voidable marriage was performed had jurisdiction to annul the marriage. Subsequently, the Legislature passed Act 168 of 1947, which provides:

"Section 1. That Chapter One Hundred Seven (107) of Pope's Digest of the Statutes of Arkansas be amended by inserting after Section 9021 and before Section 9022, a new section to be known as Section 9021A and to read as follows:

Section 9021A. The action shall be by equitable proceedings in the county where the complaint or complainant or complainants reside, and the process may be directed in the first instance to any county in the state where the defendant may then reside or be found."

In the *Feigenbaum* case it was held that the courts of this State have jurisdiction to determine the validity of a marriage performed in this State, notwithstanding that neither party to the marriage is a resident of this State. Subsequently, Act 168 of 1947 fixed the venue in actions to annul voidable marriages as the domicile of the plaintiff, but Act 168 does not apply to void marriages. The statutes involved now appear as Ark. Stats. §§ 55-106, 55-107, 55-108, which is the order directed by

Act 168 of 1947. When the statutes are read in that order, it is obvious that the 1947 Act, Ark. Stats. § 55-107, does not apply to § 55-108, which is the section dealing with void marriages. In the *Feigenbaum* case, Judge Frank Smith discussed the various views of the courts with reference to jurisdiction in suits to annul marriages, and, after an exhaustive review of the authorities, it was held that the courts of this State have jurisdiction to determine the validity of marriages performed in this State, although the parties are non-residents of the State. The decision in the *Feigenbaum* case is not impaired by Act 168 of 1947 insofar as void marriages are concerned. It follows that the Hot Spring court has jurisdiction.

Reversed.

CARLETON HARRIS, C. J., not participating.